**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

FOUNDATION AGAINST INTOLERANCE AND RACISM, INC,

                    Plaintiff,

v.

STEVE WALKER, in his official capacity as Executive Director of the Washington State Housing Finance Commission,

                    Defendant.

CASE NO. 2:24-cv-01770-JHC

**AGREEMENT REGARDING THE DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER**

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.    General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.      As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.  This agreement is intended to assist the parties in identifying relevant, responsive information that has been stored electronically and is proportional to the needs of the case.  The agreement does not supplant the parties' obligations to comply with Fed. R. Civ. P. 34.

**B.      ESI Discovery Procedures**

1.      <u>On-site inspection of electronic media.</u> Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.      <u>Search methodology.</u>

The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

a.      Prior to running searches:

i.      The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party may provide unique hit counts for each search query.

ii.      After disclosure, the parties will engage in a meet and confer process regarding additional terms sought by the non-producing party.

AGREEMENT REGARDING THE DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER                                        PAGE - 2

iii.    The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

b.    The use of ESI search parameters does not relieve the parties of an obligation to produce responsive documents of which the parties are aware, even if those documents do not hit on search parameters.

c.    In the event that ESI search parameters are not necessary to identify documents responsive to certain discovery requests, the parties have no obligation under Section B.2.a. to propose, or confer regarding, search parameters related to those discovery requests.

3.    Format.

a.    ESI will be produced to the requesting party as either PDFs, single-page TIFFs, or multi-page TIFFs with a Bates stamp on each page, with the exception of file types noted herein which may be produced in native format. ESI will be produced with searchable text and accompanying load files.

b.    Files not easily converted to image format, such as spreadsheets and audio/video files, shall be produced in native format, with an accompanying, Bates-labeled, slip

AGREEMENT REGARDING THE DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER                                                     PAGE - 3

sheet image ("placeholder"). Each file produced in native format shall be named using the beginning Bates identifier as the file name.

c.    All non-native (*i.e.*, imaged) files shall be produced with searchable text. Multi-page text files, one per record, with extracted text shall accompany the production. Searchable text should not be integrated into any DAT load file.

d.    Each document image file shall be named using the beginning Bates number as the file name. File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

e.    If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

f.    Original hard copy documents may be made available for inspection or scanned to an image. All scanned images will have a Bates stamp on each page, and accompanying OCR text will also be produced. Document breaks will be retained, with each document saved as a separate file, using the Beginning Bates identifier as the file name. Combining multiple documents into merged files is not acceptable.

4.    <u>De-duplication</u>. The parties may de-duplicate their ESI production across custodial and non-custodial data sources so long as the duplicate custodian information removed during the de-duplication process is tracked in a duplicate/other custodian field in the database load file. De-duplication will be based on the MD5 or SHA-1 Hash values of native versions of documents. ESI that is not an exact duplicate may not be removed. Only entire families that are exact

AGREEMENT REGARDING THE DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER                                                    PAGE - 4

duplicates will be subjected to de-duplication (*i.e.*, if two exact duplicates are attached to two non-duplicate parent emails, both families will be produced).

5.     Email Threading.  The parties may use analytics technology to identify email threads and need only produce the most inclusive unique thread, together with related family members. Lesser inclusive threads may be withheld; however, upon reasonable request, the producing party will produce a less inclusive copy.

6.     Redactions of Electronic Communications.   In the event that an email, text message, chat message, social media message, or other similar electronic communication contains attorney-client privilege or work product information, the parties will redact the privileged information and produce the redacted electronic communications. The parties will not withhold such electronic communications in their entirety.

7.     Metadata Fields. The parties agree that, to the extent these fields are reasonably available, and are not privileged or protected by the attorney work-product doctrine, the following metadata fields will accompany all ESI productions, in delimited load files (DAT). The parties understand that metadata fields differ between processing platforms and that certain processing platforms cannot provide the exact fields identified below. The parties will use their best efforts to provide all metadata identified in the metadata fields listed below. Date and time metadata shall be provided in PST, in a consistent, reasonable, and clearly delimited format, for example, M/d/y H:m. To the extent time zone information is included to provide additional context, it shall be provided in a separate load file metadata field.

AGREEMENT REGARDING THE DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER                                                          PAGE - 5

| Field Name | Description | Data Type | Example |
|---|---|---|---|
| Beg Bates | Beginning Bates number of first page of a document | Text | ABCD000001 |
| End Bates | Ending Bates number of last page of a document | Text | ABCD000003 |
| Beg Family | Begin Bates of parent document of family of attachments | Text | ABCD000001 |
| End Family | End Bates of last attachment of family | Text | ABCD000004 |
| Pages | Number of Bates stamped pages for the PDF image each document | Number | 3 |
| NativePath | Relative file path of native record within production, including filename and extension of native file within the production. Only for documents produced in native format. | Text | .\VOL001\native s\001\ABCD000001. xlsx |
| TextPath | Relative file path of text record within production, including filename and extension of the text file within the production. | Text | .\VOL001\text\0 01\ABCD000001.txt |
| Placeholder | If Bates stamped document is produced with a placeholder image  (values: Y or N) | Text | Y |
| Redacted | If this document has redactions (values: Y or N) | Text | Y |
| All Custodians | For deduplicated documents, list of all custodians the duplicate copy was collected from. | Text | |
| All Paths | For deduplicated documents, list of all file paths for duplicate copies. | Text | |
| Author | Creator of document | Text | Jones |
| Bcc | Additional blind recipients of an email (Blind Carbon Copy) | Text | bob@acme.com |
| Cc | Additional recipients of email (Carbon Copy) | Text | sue@acme.com |
| Custodian | Name of person from whom documents were collected | Text | Jones |
| Date Created | Datetime document was created | Datetime | 07/21/1969 02:56:00 |
| Date Modified | Datetime document was last modified | Datetime | 07/21/1969 02:56:00 |

| Date Received | Datetime document was received | Datetime | 07/21/1969 02:56:00 |
|---|---|---|---|
| Date Sent | Datetime document was sent | Datetime | 07/21/1969 02:56:00 |
| File Extension | The suffix at the end of the filename indicating file type | Text | .docx .pdf .xlsx |
| Filename | Original filename of native document, including extension | Text | Interesting_spread sheet.xlsx |
| File Path | Original source file path, including location, folder name, filename, and extension | Text | Media.zip//jones.pst//sent mail/444.eml//interesting_ spreadsheet.xlsx |
| From | Sender | Text | jones@acme.com |
| In Reply To | Message id of email this email is in reply to | Text | |
| Message ID | Unique message id from internet headers | Text | |
| MD5 Hash | MD5 Hash value of Document | MD5 Hash | |
| SHA1 Hash | SHA 1 Hash value of document | SHA1 Hash | |
| Email Subject | Subject line | Text | Check this out |
| To | Recipient | Text | mary@acme.com |

The required metadata may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

**C.    Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

AGREEMENT REGARDING THE DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER                                                                                           PAGE - 7

1.      Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2.      The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3.      Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

a.      Deleted, slack, fragmented, or other data only accessible by forensics.

b.      Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c.      On-line access data such as temporary internet files, history, cache, cookies, and the like.

d.      Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

e.      Back-up data that are duplicative of data that are more accessible elsewhere.

f.      Server, system or network logs.

g.      Data remaining from systems no longer in use that is unintelligible on the systems in use.

h.      Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**D.      Privilege**

1.      A producing party shall create a privilege log of all documents fully withheld on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and

Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created/sent. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties within a reasonable time after production and no later than 30 days before the deadline for filing motions related to discovery unless an earlier deadline is agreed to by the parties.

2.      Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

3.      With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5.      Pursuant to Fed. R. Evid. 502(d), the production of any documents, ESI or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for

AGREEMENT REGARDING THE DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER                                                    PAGE - 9

relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

6.     In the event of an inadvertent production or disclosure of documents, ESI, or information subject to the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law, documents that a producing party identifies as having been inadvertently produced and all printed copies thereof shall, upon request, be returned to the producing party. All notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed and the document shall be deleted from any litigation-support or other database. The receiving party shall confirm in writing, if the producing party requests, that each of these steps has been taken.

7.     The party receiving such inadvertently produced documents may, within ten (10) days after receipt of the producing party's notice of inadvertently produced documents, move the Court to dispute the claim of privilege or immunity.  Such challenge shall be made by written notice by the receiving party of its intent to make such a challenge.  If the receiving party elects to file a motion, the receiving party may request that the producing party file a motion seeking permission to file the inadvertently produced documents in camera and under seal.  The receiving party must sequester and not use for any purpose any documents subject to such a motion until such time the Court has issued a decision.

8.     Document productions may contain certain non-privileged emails or other correspondence to (directly or as "cc") and/or from counsel.  By producing such documents, the parties do not waive any attorney-client privilege or work-product protection as to the subject matter of these communications.

AGREEMENT REGARDING THE DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER                                                PAGE - 10

9. The parties agree that production of information contained in documents or other media produced by a party or non-party will not result in subject matter waiver of the attorney-client privilege, work-product protections, and/or any other basis for withholding documents to the extent such privileges and protections apply.

10. All parties reserve their rights to challenge any assertion of privilege and/or withheld or redacted documents on any other basis.

**E.    Costs**

Absent a specific party agreement or court order, each party will bear their own costs of reviewing, processing and producing documents and ESI.  If any issues arise regarding the format of a production, hard copy files, or with respect to metadata, the parties agree to meet and confer in good faith.

**F.    Service of Productions**

Unless a portable drive is requested and in that case the requesting party shall pay the cost of the device, the parties agree that productions made available to the requesting party via ShareFile or another file transfer protocol service provider constitutes service, consistent with all applicable Civil and Local rules.  Parties may choose to produce documents via a portable drive if the size of the document production is too large to produce through a file transfer protocol.

**G.    Third Party Documents**

Any party requesting documents from a third party (not a party to this action) through a subpoena shall ensure that all applicable rules regarding notice are followed.  The party issuing the subpoena shall offer to make available a Bates-labeled copy of all materials received from the subpoenaed party within a reasonable time after receipt of the subpoenaed materials.  In the event the materials received from the non-party were not originally Bates labeled by the producing party,

AGREEMENT REGARDING THE DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER                                                    PAGE - 11

the subpoenaing party will apply such labeling and any future productions received from the same non-party will continue the labeling in sequence.  A party requesting a copy of such materials will pay the reasonable expenses for a copy of the records, if any.

**H.      Violation of this Protocol**

With respect to violation of this Protocol or disputes regarding any of the topics covered by this Protocol, the Parties agree that all applicable Civil and Local Rules will govern.

**I.      Amending this Protocol**

The parties recognize that this Protocol may not encompass every ESI-related issue that could arise during the course of discovery. The parties reserve the right to meet and confer on additional ESI-related issues and amend this Protocol.

DATED this 18th day of May, 2026.

PACIFICA LAW GROUP LLP

By *s/ Scott Ferron*
    Paul J. Lawrence, WSBA #13557
    Jamie L. Lisagor, WSBA #39946
    Erica Coray, WSBA #61987
    W. Scott Ferron, WSBA #61154
    Special Assistant Attorney General
    401 Union Street, Suite 1600
    Seattle, Washington 98101-2668
    Telephone: (206) 245-1700
    Paul.Lawrence@pacificalawgroup.com
    Jamie.Lisagor@pacificalawgroup.com
    Erica.Coray@pacificalawgroup.com
    Scott.Ferron@pacificalawgroup.com

*Attorneys for Defendant Steve Walker*

PACIFIC LEGAL FOUNDATION

By s/ *Wesley Hottot*
    Wesley Hottot, WSBA #47539
    1425 Broadway #429
    Seattle, WA 98122
    Telephone: (425) 576-0484
    WHottot@pacificlegal.org
By s/ *Andrew R. Quinio*
    Andrew R. Quinio, CA Bar #288101*
    555 Capitol Mall, Suite 1290
    Sacramento, CA 95814
    Telephone: (916) 419-7111
    AQuinio@pacificlegal.org
By s/ *Christopher D. Barnewolt*
    Christopher D. Barnewolt
    D.C. Bar #  90020413 *
    3100 Clarendon Blvd., Suite 1000
    Arlington, VA 22201
    Telephone: (202) 888-6881
    CBarnewolt@pacificlegal.org

*Counsel for Plaintiffs*
*Pro hac vice

AGREEMENT REGARDING THE DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER                                        PAGE - 12

## ORDER

Based on the foregoing stipulation, IT IS SO ORDERED.

DATED this 18th day of May, 2026.

_____
John H. Chun
United States District Judge

AGREEMENT REGARDING THE DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER                                    PAGE - 13